UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
MIGUEL P. QUINONES,

        Plaintiff,

 -against-

GEEL COMMUNITY SERVICES, INC.,

        Defendants.
-------------------------------------------------------------x

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ AUG 18 2014 ★
BROOKLYN OFFICE

MEMORANDUM & ORDER

14-cv-3970 (ENV) (LB)

VITALIANO, D.J.,

 Plaintiff Miguel P. Quinones, proceeding *pro se*, initiated the instant action on June 20, 2014. The original complaint did not provide a basis for the Court's jurisdiction nor did it suggest a viable cause of action. By letter, dated June 26, 2014, plaintiff was given instructions on how to prepare a complaint; he filed an amended complaint on July 9, 2014. Having considered the amended complaint, the Court grants Quinones's collateral application, pursuant to 28 U.S.C. § 1915, to proceed *in forma pauperis* for purposes of this motion only but dismisses, *sua sponte*, all of his claims.

## Background

 The amended complaint fails to assert grounds for the Court's jurisdiction or suggest a federal cause of action. In the space to invoke a basis of jurisdiction, plaintiff simply states "Penal Code # 30.02 Burglary & Criminal Trespass." (AC, dkt # 4, at 1.) In both his original and amended complaint, Quinones alleges that his building

1

superintendent entered his apartment without his permission and stole his personal property, including a Sony laptop. (Id.) Plaintiff claims that his superintendent also stole from other tenants. (Id. at 9-11.) Quinones's original complaint further alleges that his superintendent threw away his new mattress and left a bed-bug infested mattress in its stead. (Complaint, ECF # 1, at 4.)

The original complaint also makes reference to a prior case in Bronx County Civil Court. (Id. at 1, 4.) Plaintiff asserts that, in that case, "Judge Lebowitz ordered [his superintendent] to pay the plaintiff for massive violations against my home apt." (Id. at 1.) However, in a motion attached to the original complaint and apparently filed in the state court, plaintiff requested that the case be reopened after it was "wrongfully dismiss[ed]." (Id., at 5.) Plaintiff now seeks damages in the amount of $148,000. (Id., at 2.)

## Discussion

The Court is mindful that the submissions of a *pro se* litigant must be construed liberally and interpreted "to raise the strongest arguments that they suggest." Triestman v. Federal Bureau of Prisons, 470 F.3d 471, 474 (2d Cir. 2006). Even a *pro se* plaintiff, however, must establish that the court of filing has subject matter jurisdiction over the action. See, e.g., Rene v. Citibank N.A., 32 F. Supp. 2d 539, 541-42 (E.D.N.Y. 1999) (dismissing *pro se* complaint for lack of subject matter jurisdiction).

The subject matter jurisdiction of the federal courts is limited. Federal jurisdiction is available, generally, only when a "federal question" is presented, 28 U.S.C. § 1331, or when the plaintiff and defendant are of diverse citizenship and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. "[S]ubject-matter jurisdiction, because it involves the court's power to hear a case, can never be forfeited or waived." United States v. Cotton, 535 U.S. 625, 630 (2002). Courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." Arbaugh v. Y & H Corp., 546 U.S. 500, 514 (2006) (citing Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574, 583 (1999). "Where jurisdiction is lacking . . . dismissal is mandatory." Manway Constr. Co. Inc. v. Housing Auth. of City of Hartford, 711 F.2d 501, 503 (2d Cir. 1983); see also Fed. R. Civ. P. 12(h)(3).

Plaintiff's complaint does not assert any valid basis for the Court's jurisdiction. First, Quinones has not alleged the violation of any federal law or constitutional right that could bring this case within the Court's federal question jurisdiction. Quite obviously, state criminal laws cannot provide a basis for federal jurisdiction, and federal courts do not have subject-matter jurisdiction over landlord-tenant matters. See Rosquist v. St. Marks Realty Assoc., LLC, 2008 WL 2965435 (E.D.N.Y. Aug. 1, 2008). Further, as it appears that both plaintiff and defendant reside in New York, there is clearly no basis for diversity jurisdiction.

Moreover, to the extent that plaintiff seeks to vacate a state court decision, he may not seek such relief in federal court. The Rooker-Feldman doctrine prohibits state-court litigants from inviting federal courts to review and reverse unfavorable state-court judgments. Dist. of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 482–84 n.16 (1983), Rooker v. Fidelity Trust Co., 263 U.S. 413, 415-16 (1923). In this case, plaintiff's state lawsuit was apparently dismissed and his subsequent motion to reopen the case was denied. Any further appeal could only be sought in a higher state court, not in federal court.

## Conclusion

For the foregoing reasons, the Court grants Quinones's request to proceed *in forma pauperis*, for purposes of this motion. But, the Court dismisses all of Quinones's claims pursuant to § 1915.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and, therefore, *in forma pauperis* status is denied for purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed entered judgment accordingly and to close this case.

SO ORDERED.

Dated: Brooklyn, New York
August 11, 2014

s/Eric N. Vitaliano

_____
ERIC N. VITALIANO
United States District Judge